The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 72611
Dear Senator Bradford:
This is in response to your request for an opinion on behalf of a constituent who is a state employee and who wants to run for an open position as an alderman for the city of Pine Bluff, Arkansas. You state that this person is an employee of the Department of Finance and Administration — Revenue Division ("DFA"). I assume that the question posed is whether this state employee may be a candidate for the alderman position, or whether this is somehow precluded as a result of his state employment.
It is my understanding that the individual in question is an auditor with DFA. Our research has revealed no general prohibition against this employee's candidacy for city alderman.[1]
Reference should, however, be made to the Governor's Policy Directive regarding state employee political activity (copy enclosed). This directive focuses upon political activity during working hours and the use of state property for campaign purposes. It does not, however, prohibit one's filing for a position, nor are we aware of any other policy or state law imposing such a prohibition with respect to an auditor in the Revenue Division of DFA.
It is therefore my opinion that this person may run for the alderman position.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] This assumes the inapplicability of the federal Hatch Act (5 U.S.C. § 1501 et seq.), which applies to individuals whose principal employment by a state or local agency is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a federal agency.5 U.S.C. § 1501(4). Employees who are covered by the act may not be candidates for elective office. 5 U.S.C. § 1502(a)(3). Non-partisan races or candidates for those races are exempted from the Hatch Act.